IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATH RICHARD DOUGLAS,

    Petitioner,

v.

NANCY SUMMERS DOUGLAS,

    Respondent.

Case No. 1:20-CV-00423
Hon. Paul L. Maloney

## **RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Respondent Nancy Douglas, by her attorneys, Williams, Williams, Rattner & Plunkett, P.C., submits the following for her *Motion for Summary Judgment*:

1.    The Verified Petitioner for Return of Child (the "Petition"), alleges that the parties' minor child ("JD") has been "wrongfully retained" from his place of habitual residence in Ingham County, Michigan, "since approximately October 3, 2019." ECF 9, PageID 105. Respondent submits that the undisputed facts demonstrate that JD was a habitual resident of Ingham County, Michigan on October 3, 2019; therefore, Petitioner has no right to have JD returned to Australia.

2.    This Motion for Summary Judgment is filed pursuant to Fed. R. Civ. P 56 and in accordance with the Initial Case Management Order, ECF 19, PageID 189-190, as amended, ECF 28, PageID 209-210, and the W.D. Mich. LCivR 7.1, 7.2, for

01439646.DOCX

the purpose of resolving the issue of JD's place of habitual residence on the date of the alleged wrongful retention—October 3, 2019.

3. JD was born in New South Wales ("NSW"), Australia, in early November 2018. JD is a dual citizen of both Australia and the United States. At the time of JD's birth, the parties were married and living together for under a year. Less than one week after JD's birth, following a pattern of abusive behavior, Petitioner ordered Respondent, JD, and Respondent's visiting mother out of their leased apartment in Merewether, NSW, Australia.

4. For the next three months, Respondent and JD resided in various temporary accommodations. The parties never again lived together. Between December 2018 and January 2019, Petitioner broke the lease on the apartment and moved over three hours away to Curlewis, NSW, Australia, his former residence.

5. With the express written consent and the cooperation of Petitioner, Respondent and JD relocated to Michigan, United States, on February 13, 2019. In September 2019, Respondent filed for divorce in Ingham County, Michigan, Case No. 19-002846-DM. Petitioner was served in Australia on October 3, 2019. Respondent and JD had no contact with Petitioner, directly or through representatives, after February 2019 other than in this case and the Michigan divorce proceeding.

01439646.DOCX

6. Petitioner alleges that JD has been "wrongfully retained" in Michigan since October 3, 2019, the same date that he was served with the complaint and summons for divorce filed by Respondent. ECF 9, Page ID 105, 113. Petitioner alleges "wrongful retention" only.

7. "Relief under the Hague Convention, as implemented by the International Child Abduction Remedies Act (ICARA), is available <u>only</u> where there is a 'removal or <u>retention</u> of a child . . . in breach of rights of custody attributed to a person . . . under the <u>law of the State in which the child was habitually resident immediately before the removal or retention.</u>'" *Moreno v. Zank*, 895 F.3d 917, 923 (6th Cir. 2018) (emphasis added), quoting *Hague Convention on the Civil Aspects of International Child Abduction* ("Convention"), Art. 3, Oct. 25, 1980, T.I.A.S. No. 11,670.

8. United States law recognizes a right for return of a minor child only where the "the petitioner establishes that the 'child has been <u>wrongfully</u> removed or <u>retained</u> within the meaning of the Convention.'" *Id.*, quoting 22 U.S.C. § 9003(e)(1).

9. The Convention does not define "habitual residence", but a body of common law has developed to fill the void caused by this absence. The Sixth Circuit Court of Appeals has established a standard for children above the age of cognizance that is based on acclimatization. See *Robert v. Tesson*, 507 F.3d 981, 993 (6th Cir.

2007). It has not adopted a clear rule for determining the habitual residence of a child who has not reached the age of cognizance, such as JD.

10. The United States Supreme Court recently held, however, that an infant child's place of habitual residence depends on the "totality of the circumstances" and must be "sensitive to the unique circumstances of the case and informed by commons sense." *Monasky v Taglieri*, __ U.S. __; 140 S. Ct. 719 (2019), slip op pp. 7-12, quoting *Redmond v. Redmond*, 724 F.3d 729, 744 (7th Cir. 2013).

11. The totality of facts and circumstances in the instant case establish that on October 3, 2019, both Respondent and JD were habitual residents of Michigan. At a minimum, the following facts are undisputed: (a) JD has resided with Respondent and his maternal grandparents in Ingham County, Michigan since February 2019; (b) JD has received all first- and second-year medical treatment in Michigan; (c) JD is enrolled in a Montessori pre-kindergarten program in Michigan; (d) Respondent completed a post-bachelor paralegal program and has obtained full-time employment in Michigan; (e) Importantly, Petitioner signed a passport application for JD and other documents providing consent for Respondent to leave Australia with JD; (f) JD has dual United States and Australian citizenship; (g) There was no agreement between Petitioner and Respondent that Respondent or JD would ever return to Australia after they departed in February 2019; (h) Between December 2018 and January 2019, Petitioner abandoned the former marital apartment, breaking

the lease, and relocated to his prior residence approximately 3.5 hours away; (i) Between December 2018 and February 11, 2019, Petitioner voluntarily dismissed family law proceedings he initiated against Respondent in Australia; and (j) Outside of this litigation and the Michigan divorce proceedings, Respondent had no communications with Petitioner, directly or through counsel, since February 2019, nor has she responded to his attempts to contact her directly or indirectly.

12. It is also undisputed that Petitioner was served with Respondent's Michigan complaint for divorce on October 3, 2019, and he voluntarily participated in a Friend of the Court investigation, being interviewed by phone on October 9, 2019.

13. After his participation in the Michigan divorce proceedings in October 2019, Petitioner did not commence this litigation until May 14, 2020. See ECF 1.

WHEREFORE, and for the reasons discussed more thoroughly in the concurrently filed *Brief in Support*, Respondent respectfully requests that this Honorable Court grant her *Motion for Summary Judgment* and dismiss Petitioner's Petition with prejudice. Alternatively, if the Court determines that there remain disputed questions of material fact as to JD's habitual residence, Respondent requests that an evidentiary hearing be scheduled at the earliest available date to resolve that dispositive issue.

          Respectfully submitted,

          */s/ James P. Cunningham*
          James P. Cunningham (P31109)
          David R. Sheaffer (P82147)
          Counsel for Respondent
          380 N. Old Woodward, Ste. 300
          Birmingham, Michigan 48009
          (248) 642-0333
Dated: December 7, 2020    jcp@wwrplaw.com; drs@wwwrplaw.com